# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ **C-3269-17-H** _____ COURT *(FOR CLERK USE ONLY):* _____

STYLED DAN DILLARD V. PALOMAR SPECIALTY INSURANCE COMPANY

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Michael A. Lawrence<br><br>Address:<br>3112 Windsor Rd., Suite A234<br><br>City/State/Zip:<br>Austin, Texas 78703<br><br>Signature: | Email:<br>lawrencefirm@gmail.com<br><br>Telephone:<br>956-994-0057<br><br>Fax:<br>800-507-4152<br><br>State Bar No:<br>24055826 | Plaintiff(s)/Petitioner(s):<br><br>Dan Dillard<br><br><br>Defendant(s)/Respondent(s):<br><br>Palomar Specialty Insurance Company<br><br>[Attach additional page as necessary to list all parties] | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent:<br>_____<br>Non-Custodial Parent:<br>_____<br>Presumed Father:<br>_____ |

**2. Indicate case type, or identify the most important issue in the case *(select only 1):***

| Civil | | | Family Law | |
|---|---|---|---|---|
| | | | | **Post-judgment Actions (non-Title IV-D)** |
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | ☐ Enforcement |
| *Debt/Contract* | ☐ Assault/Battery | ☐ Eminent Domain/ | ☐ Annulment | ☐ Modification—Custody |
| ☐ Consumer/DTPA | ☐ Construction | Condemnation | ☐ Declare Marriage Void | ☐ Modification—Other |
| ☐ Debt/Contract | ☐ Defamation | ☐ Partition | *Divorce* | **Title IV-D** |
| ☐ Fraud/Misrepresentation | *Malpractice* | ☐ Quiet Title | ☐ With Children | ☐ Enforcement/Modification |
| ☐ Other Debt/Contract: | ☐ Accounting | ☐ Trespass to Try Title | ☐ No Children | ☐ Paternity |
| | ☐ Legal | ☐ Other Property: | | ☐ Reciprocals (UIFSA) |
| *Foreclosure* | ☐ Medical | _____ | | ☐ Support Order |
| ☐ Home Equity—Expedited | ☐ Other Professional | | | |
| ☐ Other Foreclosure | Liability: _____ | **Related to Criminal Matters** | | |
| ☐ Franchise | ☐ Motor Vehicle Accident | | **Other Family Law** | **Parent-Child Relationship** |
| ☒ Insurance | ☐ Premises | ☐ Expunction | ☐ Enforce Foreign | ☐ Adoption/Adoption with |
| ☐ Landlord/Tenant | *Product Liability* | ☐ Judgment Nisi | Judgment | Termination |
| ☐ Non-Competition | ☐ Asbestos/Silica | ☐ Non-Disclosure | ☐ Habeas Corpus | ☐ Child Protection |
| ☐ Partnership | ☐ Other Product Liability | ☐ Seizure/Forfeiture | ☐ Name Change | ☐ Child Support |
| ☐ Other Contract: | List Product: | ☐ Writ of Habeas Corpus— | ☐ Protective Order | ☐ Custody or Visitation |
| _____ | | Pre-indictment | ☐ Removal of Disabilities | ☐ Gestational Parenting |
| | ☐ Other Injury or Damage: | ☐ Other: _____ | of Minority | ☐ Grandparent Access |
| | _____ | | ☐ Other: _____ | ☐ Paternity/Parentage |
| | | | | ☐ Termination of Parental |
| **Employment** | | **Other Civil** | | Rights |
| ☐ Discrimination | ☐ Administrative Appeal | ☐ Lawyer Discipline | | ☐ Other Parent-Child: |
| ☐ Retaliation | ☐ Antitrust/Unfair | ☐ Perpetuate Testimony | | _____ |
| ☐ Termination | Competition | ☐ Securities/Stock | | |
| ☐ Workers' Compensation | ☐ Code Violations | ☐ Tortious Interference | | |
| ☐ Other Employment: | ☐ Foreign Judgment | ☐ Other: _____ | | |
| | ☐ Intellectual Property | | | |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐ Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐ Guardianship—Adult |
| ☐ Tax Delinquency | ☐ Dependent Administration | ☐ Guardianship—Minor |
| ☐ Other Tax | ☐ Independent Administration | ☐ Mental Health |
| | ☐ Other Estate Proceedings | ☐ Other: _____ |

**3. Indicate procedure or remedy, if applicable *(may select more than 1):***

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☐ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☐ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | ☐ Turnover |

**EXHIBIT B**

**4. Indicate damages sought *(do not select if it is a family law case):***

☒ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

**C-3269-17-H**

Rev 2/13

DATE 8|11|17

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy #20

C-3269-17-H

# LAWRENCE LAW FIRM
*A Professional Corporation*

3112 Windsor Rd. #A234
Austin, Texas 78703
(956) 994-0057
(800) 507-4152 fax

July 19, 2017

***Via E-File***
Laura Hinojosa, District Clerk
100 N. Closner
P.O. Box 87
Edinburg, TX 78539
(956) 318-2200 – Tele.
(956) 318-2251 – Fax

RE:     **NEW FILING:** *Dan Dillard v. Palomar Specialty Insurance Company*

Dear District Clerk:

By this letter, we kindly ask that you file the enclosed petition with request for a jury, and that you please prepare one citation and serve it by certified mail RRR for the following defendant:

> Defendant Palomar Specialty Insurance Company is an Oregon based insurance company engaging in the business of selling insurance in the State of Texas with a mailing address located at 888 Prospect Street Suite 105, La Jolla, CA 92037. The defendant may be served with process by serving its registered agent for the State of Texas: CT Corporation System, 1999 Bryan Street Suite 900, Dallas, Texas 75201.

If you have any questions, please feel free to contact me directly at 956-792-6286. Thank you.

Warmest Regards,

/s/ Michael A. Lawrence

LARRY W. LAWRENCE, JR.
MICHAEL A. LAWRENCE

DATE 8|11|7

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy#20

CAUSE NO. **C-3269-17-H** _____

| | | |
|---|---|---|
| DAN DILLARD | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| PALOMAR SPECIALTY | § | |
| INSURANCE COMPANY | § | |
| *Defendant* | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **DAN DILLARD,** complaining of **PALOMAR SPECIALTY INSURANCE COMPANY,** and for cause of action would show:

### I. DISCOVERY

1. This is a level III discovery case as defined by the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff is a resident of Hidalgo County, Texas.

3. Defendant Palomar Specialty Insurance Company is an Oregon based insurance company engaging in the business of selling insurance in the State of Texas with a mailing address located at 888 Prospect Street Suite 105, La Jolla, CA 92037. The defendant may be served with process by serving its registered agent for the State of Texas: CT Corporation System, 1999 Bryan Street Suite 900, Dallas, Texas 75201.

### III. JURISDICTION & VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court. The court has jurisdiction over Defendant Palomar Specialty Insurance Company (hereinafter "Palomar") because it is engaging in the business of insurance in the State of Texas. Venue is proper in this county because the insured property is situated in Hidalgo County, Texas. Tex. Civ.

Electronically Filed
7/19/2017 2:24 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3269-17-H**

Prac. & Rem. Code § 15.032.

## IV. FACTS

5. Plaintiff is the owner of the Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Palomar.

6. Plaintiff owns the insured property, located at 724 E. Patsy Drive, Hidalgo, Texas 78557 (hereinafter referred to as "the Property").

7. Palomar sold the Policy insuring the property to Plaintiff.

8. On or about May 31, 2016, Plaintiff sustained extensive physical damage to the insured Property. During the late afternoon and evening hours of May 31, 2016, a strong supercell thunderstorm moved through the Hidalgo, Texas area producing heavy rains, and damaging wind and hail.

9. Plaintiff submitted claims to the Defendant against the policy for damages to the Property as a result of the May 31, 2016 storm. Plaintiff requested that the Defendant cover the costs of these repairs pursuant to the policy they entered into with the Defendant.

10. Plaintiff reported the damage to the covered Property to Defendant Palomar. Defendant wrongfully denied Plaintiff's claim for full repairs to the Property, even though the Policy they have with the Defendant provided coverage for losses such as the losses suffered by the Plaintiff. Additionally, the Defendant under-scoped damages during its inspections, investigations, and payment and made representation that the policy the Plaintiff has with Defendant specifically excluded some repairs.

11. As of the date of this filing, Defendant continues to delay in the payment for the damages to the property. As a result, Plaintiff has not been paid the full value of the damages suffered to his home.

Electronically Filed
8/16/2017 2:34 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3269-17-H**

12. Defendant Palomar failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the policy. In spite of a demand for proceeds to be paid out in an amount sufficient to cover the damaged property, Defendant Palomar has categorically refused to pay the full proceeds available under the policy. Additionally, all conditions precedent to recovery upon the Policy have been carried out by the Plaintiff. Defendant Palomar's conduct constitutes a breach of the insurance contract between Plaintiff and Defendant.

13. Defendant Palomar has misrepresented to Plaintiff there was no damage to areas of the home that was damaged, and that all damage covered under the Policy has been accounted for, even though it has not been paid in full. Defendant Palomar's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

14. Defendant Palomar failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant Palomar's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

15. Defendant Palomar failed to adequately explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant Palomar failed to offer Plaintiff adequate compensation, and misrepresented its explanation for why full payment was not being made. Furthermore, Defendant Palomar did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant Palomar's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

16. Defendant Palomar refused to fully compensate Plaintiff, under the terms of the Policy,

Electronically Filed
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3269-17-H

even though Defendant Palomar failed to conduct a reasonable investigation. Specifically, Defendant Palomar performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant Palomar's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

17. Defendant Palomar failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Palomar's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.056.

18. Defendant Palomar failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for his claim. Defendant Palomar's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

19. Since the date Plaintiff presented his claim to Defendant Palomar, the liability of Defendant Palomar to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Palomar has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant Palomar's conduct constitutes a breach of the common law duty of good faith and fair dealing.

20. Defendant Palomar knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material information from Plaintiff.

Electronically Filed
8/9/2017 2:34 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3269-17-H**

21. As a result of Defendant Palomar's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys and law firm who are representing him with respect to these causes of action.

## V. CAUSES OF ACTION

### Causes of Action Against Defendant Palomar

22. Defendant Palomar is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### Breach of Contract

23. Defendant Palomar's conduct constitutes a breach of the insurance contract made between Defendant Palomar and Plaintiff.

24. Defendant Palomar's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant Palomar's insurance contract with Plaintiff.

### Noncompliance with Texas Insurance Code: Unfair Settlement Practices

25. Defendant Palomar's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §5411.151.

26. Defendant Palomar's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(1).

27. Defendant Palomar's unfair settlement practice, as described above, of failing to

Case 7:17-cv-00311 Document 1-2 Filed in TXSD on 08/16/17 Page 9 of 23

Electronically Filed
8/8/2017 2:24 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3269-17-H

attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Palomar's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

28. Defendant Palomar's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

### Noncompliance with Texas Insurance Code: The Prompt Payment of Claims

29. Defendant Palomar's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

30. Defendant Palomar's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

### Breach of the Duty of Good Faith and Fair Dealing

31. Defendant Palomar's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

32. Defendant Palomar's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant Palomar knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear,

Electronically Filed
8/8/2017 2:24 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3269-17-H**

constitutes a breach of the duty of good faith and fair dealing.

## Fraud

33. Defendant Palomar is liable to Plaintiff for common law fraud.

34. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendant Palomar knew were false or made recklessly without any knowledge of their truth as a positive assertion.

35. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

## Knowledge

36. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VI. DAMAGES

37. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

38. As previously mentioned, the damages caused by this storm have not been properly addressed or repaired in the months and now years since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant Palomar's mishandling of Plaintiff's claim in violation of the laws set forth above.

39. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claim, together with attorney's fees.

C-3269-17-H

40. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. Tex. Ins. Code §541.152.

41. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

42. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

43. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

44. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

45. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include his past and future medical expenses, that should have been paid pursuant to the policy, mental anguish, pain and suffering, court costs, and

Electronically Filed
8/9/2017 2:24 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3269-17-H**

attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. Tex. Ins. Code §541.152.

46. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

47. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

48. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is not more than $75,000.00. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### VII. WRITTEN DISCOVERY

#### Requests for Disclosure

49. Under Texas Rule of Civil Procedure 194, plaintiff requests that defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

#### Plaintiff's 1st Requests for Production to Defendant Palomar

50. Please produce a copy of your entire claims file, including memos, emails, estimates, records, a complete copy of the policy, letters, evaluations, etc. If you make claim of privilege for any documents requested in this request for production, then pursuant to TRCP 193.3(b), consider

Electronically Filed
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3269-17-H

this Plaintiff's request that you identify the information and material withheld and the specific privilege asserted by producing a privilege log of each document withheld.

51. Please produce all non-privileged emails and other forms of communication between Palomar, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

52. Produce any complete file (excluding all privileged portions) in Palomar's possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in Plaintiff's Original Petition, relating to or arising out of any claim for damages which Palomar opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

53. Produce the complete claim or adjusting file for Plaintiff's property. Please produce a privilege log for any portions withheld on a claim of privilege.

54. Produce all emails and other forms of communication between Palomar and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit. This includes any correspondence or communications related to the Plaintiff's property, whether related to this claim or any other claim in Palomar's possession. Please produce a privilege log for any items withheld on a claim of privilege.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff

Electronically Filed
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3269-17-H**

requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court

on his behalf expended, for prejudgment and post-judgment interest as allowed by law, and for

any other and further relief, either at law or in equity, to which he will show himself justly entitled.

Respectfully submitted,

LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703
(956) 994-0057
(800) 507-4152 FAX

By:

LARRY W. LAWRENCE, JR.
State Bar No. 00794145

MICHAEL LAWRENCE
State Bar. No. 24055826
Lawrencefirm@gmail.com

Cartwright Law Firm, LLP
1300 Post Oak Blvd, Suite 760
Houston, Texas 77056
(713) 840-0950
(713) 840-0046 (fax)

Mr. Dan Cartwright
State Bar No. 03942500

Ms. Lory Sopchak
State Bar No. 24076706
Lory@dcartwrightlaw.net

ATTORNEYS FOR PLAINTIFF

DATE

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy#20

Electronically Filed
7/20/2017 11:57 AM
Hidalgo County District Clerks
Reviewed By: Rachel Bueno

# LAWRENCE LAW FIRM
*A Professional Corporation*

3112 Windsor Rd. #A234
Austin, Texas 78703
(956) 994-0057
(800) 507-4152 fax

July 20, 2017

***Via E-File***
Laura Hinojosa, District Clerk
100 N. Closner
P.O. Box 87
Edinburg, TX 78539
(956) 318-2200 – Tele.
(956) 318-2251 – Fax

RE:   **Cause No. C-3269-17-H:** ***Dan Dillard v. Palomar Specialty Insurance Company***

Dear District Clerk:

    Enclosed, please find $2.00 to cover the missing fees for service of citation in this matter.

        Warmest Regards,

        /s/ Michael A. Lawrence

        LARRY W. LAWRENCE, JR.
        MICHAEL A. LAWRENCE

DATE

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy #20

Electronically Filed
8/16/2017 05:34PM
Hidalgo County District Clerks
Reviewed By: Celeste De La Ros

CAUSE NO. C-3269-17-H

| | | |
|---|---|---|
| DAN DILLARD | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | 389TH JUDICIAL DISTRICT |
| | § | |
| PALOMAR SPECIALTY INSURANCE | § | |
| COMPANY | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT PALOMAR SPECIALTY INSURANCE COMPANY'S ORIGINAL ANSWER AND PLEA IN ABATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PALOMAR SPECIALTY INSURANCE COMPANY, Defendant in the above-styled and numbered cause and makes and files this, its Original Answer in reply to Plaintiff's Petition, and for such answer and plea in abatement would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiff's Petition and demands strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiff's claim. Without limiting the foregoing, Defendant denies that the following has occurred:

        a.    that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiff bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made; and

        b.    that Plaintiff has provided the required written notice under Section 541.154 of the Texas Insurance Code at least 60 days prior to filing suit.

3.

Pleading further and without waiver of the above, Defendant requests that this Court compel mediation pursuant to TEXAS INSURANCE CODE § 541.161(a). This mediation is required under the Texas Insurance Code and Texas Business & Commerce Code. TEX. INS. CODE § 541.161(b).

4.

## PLEA IN ABATEMENT

A.     In Plaintiff's Original Petition, Plaintiff has alleged causes of action pursuant to Chapter 541 of the Texas Insurance Code. Chapter 541.154 provides, in pertinent part, "[a] person seeking damages in an action against another person under this subchapter must provide written notice to the other person not later than the 61st day before the date the action is filed." TEX. INS. CODE §541.154 (Vernon Supp 2005). Additionally, Chapter 541.155 of the Texas Insurance Code provides that the Court shall abate the action if the Court finds that the claimant failed to provide the requisite notice. TEX. INS. CODE §541.155 (Vernon Supp 2005).

B.     Defendant has not received adequate written notice in compliance with the requirements of the Texas Insurance Code.

C.     Accordingly, Defendant is also entitled to an abatement of these proceedings pursuant to Chapter 541 of the Texas Insurance Code.

5.

Additionally, the insurance policy pertaining to the claims asserted by the Plaintiff includes a specific "Appraisal" clause which sets forth the procedure in the event of a disagreement of the amount of the loss. Specifically, the policy requires that, upon written request, the property must be appraised by each party's own independent appraiser. In the event of a disagreement in the

appraisal, the differences are submitted to an umpire for determination. Defendant insurance company was potentially deprived of the opportunity to invoke the appraisal clause prior to suit. Further, the lawsuit potentially prevented Defendant insurance company from attempting to resolve the alleged problems, reaching an impasse or invoking the appraisal clause, if necessary. Defendant insurance company reserves the contractual right to invoke this clause and that the property be appraised according to the terms of the applicable insurance policy if the parties reach an impasse. Defendant insurance company has not waived and is not waiving this provision and may assert it in the future.

6.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiff that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

7.

## Requests for Disclosure

At the time required by law or the Rules, this Defendant requests the Plaintiff to respond to all of the matters in TRCP 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiff not recover against Defendant and that Defendant goes hence with its costs without day and for such other and further relief, at law or in equity, to which Defendant may justly show itself entitled to receive.

Electronically Filed
8/9/2017 5:23 PM
Hidalgo County District Clerks
Reviewed By: Celeste De La Ros

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
　　　Thomas F. Nye
　　　State Bar No. 15154025

ATTORNEY FOR DEFENDANT PALOMAR
SPECIALTY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 9th day of August, 2017, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiff*
Larry W. Lawrence, Jr.
Michael Lawrence
Lawrence Law Firm
Email: lawrencefirm@gmail.com

Dan Cartwright
Lory Sopchak
Cartwright Law Firm, LLP
Email: lory@dcartwrightlaw.net

**VIA E-FILING**

_____
Thomas F. Nye

## VERIFICATION OF MICHAEL L. SCHNEIDERMAN

| | |
|---|---|
| **THE STATE** | § |
| | § |
| **OF TEXAS** | § |

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared Michael L. Schneiderman, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is Michael L. Schneiderman. I am an Authorized Agent for Palomar Specialty Insurance Company, am over the age of 18 years, am competent and authorized to testify herein and have personal knowledge of the facts herein. I have read Paragraph 4B of Defendant's Original Answer and they are true and correct."

Further affiant sayeth not.

Michael L. Schneiderman, Authorized Agent
for Palomar Specialty Insurance Company

SWORN TO AND SUBSCRIBED TO BEFORE ME, on this the _____ day of August, 2017, to witness my hand and official seal of office.

SUSAN STONE
Notary Public, State of Texas
Comm. Expires 05-06-2021
Notary ID 126894146

Notary Public in and for
the State of Texas

DATE

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy #20

DILLARD, DAN/PSIC – D OA & PIA – PSIC - PAGE 5 OF 5

Electronically Filed
Hidalgo County District Clerks
Reviewed By: Celeste De La Ros

CAUSE NO. C-3269-17-H

| | | |
|---|---|---|
| DAN DILLARD | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | 389TH JUDICIAL DISTRICT |
| | § | |
| PALOMAR SPECIALTY INSURANCE | § | |
| COMPANY | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT'S DEMAND FOR JURY

COMES NOW, PALOMAR SPECIALTY INSURANCE COMPANY, Defendant in the

above-referenced cause, and demands a trial by jury. The jury fee has previously been paid by the

Plaintiff.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
　　Thomas F. Nye
　　State Bar No. 15154025

ATTORNEY   FOR   DEFENDANT   PALOMAR
SPECIALTY INSURANCE COMPANY

Electronically Filed
Hidalgo County District Clerks
Reviewed By: Celeste De La Ros

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 5ᵗᴸ day of August, 2017, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiff*
Larry W. Lawrence, Jr.
Michael Lawrence
Lawrence Law Firm
Email: lawrencefirm@gmail.com

Dan Cartwright
Lory Sopchak
Cartwright Law Firm, LLP
Email: lory@dcartwrightlaw.net

**VIA E-FILING**

Thomas F. Nye

DATE

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy#20


**UNITED STATES**
**POSTAL SERVICE.**

**FILED**
AT 10:00 O'CLOCK A M

JUL 2 4 2017

LAURA HINOJOSA, CLERK
District Courts, Hidalgo County
By_____ Deputy#16

Date: July 24, 2017

MAIL MAIL:

The following is in response to your July 24, 2017 request for delivery information on
your Certified Mail™/RRE item number 92148901066154000110005953. The delivery
record shows that this item was delivered on July 24, 2017 at 9:33 am in DALLAS, TX
75201. The scanned image of the recipient information is provided below.

Signature of Recipient : 

Address of Recipient : 

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal
representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the
United States Postal Service. It is solely for customer use.

DATE _____
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy#20

Reference ID: 92148901066154000110005953
C-3269-17-H
PALOMAR SPECIALTY INSURANCE COMPANY
C/O REGISTERED AGENT FOR THE STATE OF TEXAS:
CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS, TX 75201-0000